SPRING, sheriff, *vs.* MORGAN.

When this case was before the Supreme Court before (72 *Ga.*, 257), it was held that the court below erred in discharging the rule against the sheriff; that if the illegality received by the sheriff was based on his wrongful conduct, it could not protect him; or, if he colluded with the defendant, he was liable to the extent that such collusion hurt the plaintiff; and it was directed that the case be heard *de novo*, with liberty to amend the answer and traverse the same, in order to ascertain the facts. On the return of the case to the court below, the sheriff amended his answer, alleging that one ground of the affidavit of illegality received by him was that the plaintiff was not entitled, by judgment or otherwise, to an execution against the defendant, and denying all collusion. No traverse was filed to this answer:

*Held*, that it was error to make the rule absolute. If the affidavit was received by the sheriff in good faith, and was in no wise con-

nected with his default, and there was no collusion between the sheriff and defendant in execution, the rule should have been discharged and not made absolute; but these issues should have been submitted to the jury.

(*a.*) The ground of illegality, that there was no judgment authorizing the execution in favor of the plaintiff, would authorize the sheriff to receive it, if he did so in good faith. This was easily determined by an inspection of the record; and if the sheriff, in collusion with defendant, knowing that this ground was wholly untenable, in order to cover up and protect himself on account of some neglected duty in not levying or properly advertising the property levied on, received the affidavit of illegality from the defendant, then he would be liable to plaintiff in execution to the same extent as if no illegality had been made or tendered to him. But this issue has not been made or tried by the court below.

Judgment reversed.

September 16, 1884.

BLANDFORD, Justice.

[This case was before the Supreme Court at the February term, 1884, where it will be found fully reported. On its return to the superior court, with liberty to amend so as to determine whether the sheriff colluded with the defendant in *fi. fa.* in accepting an affidavit of illegality based on his own illegal conduct, the sheriff amended his answer by denying collusion, and stating that one ground of the illegality which he received was that the plaintiff in *fi. fa.* was not entitled, by judgment or otherwise, to an execution against the defendant. This answer was not traversed, but the court made the rule absolute. The sheriff excepted.]